UNITED STATES of America, Appellee,

v.

Colon NORRIS, Appellant.

No. 8967.

United States Court of Appeals Fourth Circuit.

Argued Nov. 20, 1963.

Decided Nov. 26, 1963.

D. K. Stewart, Dunn, N. C., for appellant.

Alton T. Cummings, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and FIELD, District Judge.

PER CURIAM.

Defendant-appellant urges as reversible error the refusal of the trial court to grant a motion to withdraw a juror and declare a mistrial. One of the defendant's own alibi witnesses testified concerning a purchase of non-tax-paid whiskey by one Ralph Wilson, and denied that the purchase was made from the defendant as charged by the government or that the defendant was present at the time. The witness referred to his conversation with Ralph Wilson wherein the latter stated that he and the defendant "built some time" together at Greenville. There was no objection to this testimony.

On cross-examination of this witness, government counsel asked: "Didn't you just testify that Ralph told you that he and Colon [the defendant] were building time together." Before the question was answered, defense counsel interposed an objection and the Court ruled: "The objection is sustained. Gentlemen of the jury, you will not consider the last question propounded to the witness * * *. Erase that from your minds."

■■ Ordinarily, the granting or refusing of a motion for mistrial is in the sound discretion of the trial judge[1] and we find no abuse of such discretion in this case. The evidence of defendant's guilt was overwhelming. We do not think that this asserted error substantially affected the defendant's right to a fair trial or that it warrants a reversal of his conviction.

Affirmed.

---

1. White v. United States, 279 F.2d 740, 749 (4th Cir. 1960).